# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: SEAWORLD MARKETING AND
SALES PRACTICES LITIGATION (NO. II)                MDL No. 2640

## ORDER DENYING TRANSFER

**Before the Panel:**[*] Defendants SeaWorld Entertainment, Inc., and SeaWorld Parks & Entertainment, Inc. (SeaWorld) move under 28 U.S.C. § 1407 to centralize the four actions listed on the attached Schedule A in the Middle District of Florida.  Three of the actions are pending in the Southern District of California, and the fourth is pending in the Northern District of California. Plaintiffs in all four actions oppose centralization.

On the basis of the papers filed and the hearing session held, we deny SeaWorld's motion. These actions do share factual issues arising from allegations that defendants have misled the public regarding, *inter alia*, the conditions and treatment of orcas at SeaWorld parks.[1]  But the three Southern District of California actions – in which a motion to consolidate is pending – essentially constitute but a single action.  Plaintiffs in those actions are represented by the same law firm, and their factual allegations, proposed classes, and claims are virtually identical.   The litigation thus really involves just two actions pending in two California districts.   Given the small number of actions and few involved counsel, we are not convinced that centralization is necessary.  Informal coordination and cooperative efforts by the parties and involved courts can minimize or eliminate duplicative discovery and other pretrial proceedings.  *See, e.g.,  In re:  Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also*  Manual for Complex Litig., Fourth, § 20.14 (2004).

---

[*]        Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.  Judge Ellen Segal Huvelle took no part in the decision of this matter.

[1]        Examples of the alleged misrepresentations include the following:  (1) orca life spans in captivity are equivalent to their life spans in the wild; (2) collapsed dorsal fins are normal; (3) SeaWorld does not separate calves and mothers; and (4) captivity in general does not harm orcas.

-2-

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____

Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            R. David Proctor
Catherine D. Perry

**IN RE: SEAWORLD MARKETING AND
SALES PRACTICES LITIGATION (NO. II)**                    MDL No. 2640

## SCHEDULE A

Northern District of California

ANDERSON, ET AL. v. SEAWORLD PARKS AND ENTERTAINMENT,
    C.A. No. 3:15-02172

Southern District of California

HALL v. SEAWORLD ENTERTAINMENT, INC., C.A. No. 3:15-00660
GAAB, ET AL. v. SEAWORLD ENTERTAINMENT, INC., C.A. No. 3:15-00842
SIMO, ET AL. v. SEAWORLD ENTERTAINMENT, INC., C.A. No. 3:15-01022