**UNITED STATES JUDICIAL PANEL**

**ON MULTIDISTRICT LITIGATION**

THURSDAY, JULY 30, 2015

Phillip Burton United States Courthouse
Ceremonial Courtroom, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

BEFORE THE FOLLOWING PANEL MEMBERS:

**SARAH S. VANCE** (Chair)

**MARJORIE O. RENDELL**

**CHARLES R. BREYER**

**LEWIS A. KAPLAN**

**ELLEN SEGAL HUVELLE**

**R. DAVID PROCTOR**

**CATHERINE D. PERRY**

**MATTER MDL. NO. 2640:**

In Re: SeaWorld Marketing and Sales Practices Litigation (No. 11)

**REPORTED BY:** Kelly Lee Polvi, CSR, RMR, FCRR

```
 1                      A P P E A R A N C E S
 2

 3    Representing SeaWorld Entertainment, Inc., and SeaWorld Parks &
      Entertainment, Inc.:
 4
                           NORTON ROSE FULBRIGHT
 5                         Fulbright & Jaworski LLP
                           Market Square, 801 Pennsylvanie Avenue, NW
 6                         Washington, DC 20004-2623

 7    BY:   JOHN M. SIMPSON, ATTORNEY AT LAW

 8

 9

10    Representing Holly Hall; Jessica Gaab, et al.; and Valerie
      Simo:
11
                           HAGENS BERMAN SOBOL SHAPIRO LLP
12                         1918 Eighth Avenue, Suite 3300
                           Seattle, WA 98101
13
      BY:   ROBERT F. LOPEZ, ATTORNEY AT LAW
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                      P R O C E E D I N G S
 2          CHAIR VANCE:  Next up is Docket 2640, In Re: SeaWorld
 3   Marketing and Sales Practices Litigation, (No. II.)
 4          Mr. Simpson.
 5          MR. SIMPSON:  Yes, ma'am.  John Simpson for the SeaWorld
 6   defendants.
 7          We recognize we come to you with cases that are on the
 8   cusp of 1407, but we think the overwhelming complexity of the
 9   factual issues in this case and the discovery that's going to
10   be encountered by the judge involved in the case clearly
11   justifies centralization --
12          JUDGE BREYER:  Well, aren't there different locations
13   here where -- in -- you know, in different states, where those
14   facts may be very relevant as to how they treat the
15   inhabitants?
16          MR. SIMPSON:  I don't really think that's true.  There
17   are three parts, Your Honor, but this is an advertising and
18   marketing case which depends on what SeaWorld allegedly said
19   about its killer whales over the last 50 years.
20          That's really what's at issue.
21          So those functions are centered in Orlando, Florida.
22   That's where the corporate headquarters is; that's where
23   whatever is said in the field reports to: Orlando.
24          So a side advantage, but in terms of witnesses and
25   potential documents, Lord forbid we have to produce paper.
```

1  Orlando is where most of that action's going be.  It's not
2  going to be in San Diego.
3     **JUDGE RENDELL**:  Excuse me.
4     There's only really going to be two cases here.
5     **MR. SIMPSON**:  That's correct.  And that's my point.
6     **JUDGE RENDELL**:  So this is a case where we have two cases
7  pending; is that right?
8     **MR. SIMPSON**:  The judges who have one case faces a
9  lifetime of litigation.  So we think the best thing, when you
10 are potentially burdening two judges with a lifetime of
11 litigation, is to centralize it under 1407.
12    That's all Congress requires, is two cases in two
13 districts with a common question of fact.
14    **JUDGE PERRY**:  Why do you say this case would be a
15 lifetime of litigation compared with all the other cases we
16 have in front of us?
17    **JUDGE KAPLAN**:  And are you speaking of a whale life or a
18 human life?
19    **MR. SIMPSON**:  I'm talking about a human life.
20    **JUDGE KAPLAN**:  And are they different.
21    **MR. SIMPSON**:  And because of the intensity that's behind
22 these cases, Your Honor -- this is not just another Holly Hall
23 paying too much for a SeaWorld ticket; this is about whether
24 killer whales ought to be in cavity.  That's the evidentiary
25 proposition here.

1    **CHAIR VANCE:**  It seems like two judges could coordinate
2    these cases.
3    **MR. SIMPSON:**  I disagree.  And the reason I disagree is
4    because we're starting out on something that could last several
5    years, just in the pretrial discovery.  We have a class that
6    consists of 50 million people -- if all is correct -- and we
7    have a class that consists, in *Anderson*, of four million
8    people, which is four times the Walmart case.
9         So we have two judges on these very complex tracks making
10   the same decisions.  Puts my client in a very difficult
11   position.
12        We can't get that straightened out on appeal or through
13   mandamus motions.  The only way to avoid that nightmare --
14   **CHAIR VANCE:**  They're all in the Ninth Circuit.
15   **MR. SIMPSON:**  Excuse me?
16   **CHAIR VANCE:**  They're all filed in the Ninth Circuit,
17   aren't they?
18   **MR. SIMPSON:**  But most of these issues are not going to
19   be appealable when they matter.  So I can't be coming to the
20   Ninth Circuit with a mandamus petition and that's the only way
21   you can get that sorted up.
22        The best way: Avoid that nightmare and cut through this
23   and send it to one judge under 1407, which we say is either
24   Judge Presnell or Judge Conway in Orlando, Florida.
25   **CHAIR VANCE:**  Thank you.

1     Mr. Lopez.

2     **MR. LOPEZ:** Good morning, Your Honors. Rob Lopez for all

3  the plaintiffs in these two actions. All of them oppose

4  centralization.

5     My colleagues from Covington and Burling are also here.

6  They represent the plaintiffs in the *Anderson* action.

7     And our first point is that the multidistrict aspect of

8  this litigation is really spurious. As we've advised the

9  Court, there's a pending motion to remand the *Anderson* case

10 back to state court where it belongs.

11    They specifically pled a case in *Anderson* that doesn't

12 ask for restitution. It's an entirely different case under an

13 entirely different defendant, SeaWorld Parks -- which I know

14 that our opposition is delighted to (indiscernible), but they

15 haven't explained why those two cases are similar.

16    In fact, they put in a declaration from just a person

17 from SeaWorld Parks.

18    And so that --

19    **CHAIR VANCE:** The (indiscernible) the multidistrict

20 character; right? If that remand were granted. Is that

21 correct?

22    **MR. LOPEZ:** That's correct; it would completely do away

23 with that. And we think that's likely to happen. Because

24 again, the *Anderson* plaintiffs haven't asked for any money, and

25 so it's difficult to conceive how it is that they would get to

1  the $5 million threshold under CAFA.
2      **CHAIR VANCE:** Is it your position that you would be
3  willing to cooperate with other plaintiffs and the defendant in
4  this case?
5      **MR. LOPEZ:** Absolutely. Our firm does that regularly.
6  And there's two big firms here, obviously --
7      **JUDGE PERRY:** Didn't you switch your position on this?
8  You filed a 1407 motion and withdrew it; is that correct?
9      **MR. LOPEZ:** Actually, what happened there, Your Honors,
10 is when we filed our own motion for MDL transfer there were
11 actually organically-different cases.
12     So we had filed our case first and then cases were filed
13 in Texas and in Florida and the *Anderson* case was filed in the
14 state court.
15     But now we work together, as the Panel encourages, with
16 the other plaintiffs' attorneys, in those cases in Texas and
17 Florida, and those are now consolidated in the Southern
18 District of California.
19     **JUDGE BREYER:** Well, the defendants have argued that,
20 "Look, the fact that you have different parks and different
21 locations, that's not really what the case is about. It's
22 about marketing and that the marketing decisions were made in
23 Florida, they're not made in California or 'X,' 'Y,' or 'Z,'
24 and therefore, that these places are different -- differently
25 located, that's not going to give rise to different sets of

1  facts.

2  **MR. LOPEZ:** Well, actually, Your Honor, it's interesting.
3  Again, the declaration that they put in indicates that they
4  have marketing and advertising headquarters in Orlando, but
5  then, in the very next breath, that declarant says that each
6  park location in Orlando, San Diego, and San Antonio, has local
7  marketing, public relations, and ticketing functions.

8  **JUDGE BREYER:** My question is, is this just about
9  marketing or is it based, in some meaningful portion, on the
10  fact that different parks have different practices -- or may
11  have different practices?

12  **MR. LOPEZ:** Well, it's unclear whether different parks
13  have different practices. But what's plain to us is that the
14  central situs for work operations is San Diego. They have
15  twice as many orcas there; that's where their scientific
16  operations with regards to orcas are located.

17  And so that's why our plaintiffs all chose San Diego as
18  the locus for their cases.

19  **CHAIR VANCE:** Thank you.

20  You have a minute for rebuttal.

21  **MR. SIMPSON:** Very briefly, Your Honor, just on the
22  remand point.

23  We believe that the amount of controversy in that case is
24  amply satisfied by a class of four million California consumers
25  who, while they might seek an injunction now, are setting

1  themselves up for a refund claim in the future that could
2  exceed $160 million.
3      So we don't think it's a spurious motion.
4      But I would just point out, as this Panel has recognized
5  on numerous prior occasions, the pendency of the jurisdictional
6  or other litigation-ending motion has nothing to do with
7  whether a case ought to be centralized under 1407.
8      **CHAIR VANCE:**  We also don't usually centralize two cases.
9      **MR. SIMPSON:**  That's correct.  But again, I think the
10 circumstances of this case, given the complexity of the
11 discovery that these judges are going to encounter, fully
12 justifies it.
13     **CHAIR VANCE:**  Thank you.
14     (MATTER CONCLUDED.)

CERTIFICATE OF CONTRACT REPORTER

I, Kelly Lee Polvi, certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and that the transcript format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 14th day of August, 2015.

_____
Kelly Lee Polvi
CA CSR No. 6389
Registered Merit Reporter
Federal Certified Realtime Reporter

*Kelly Polvi, CSR, RMR, FCRR*
*P.O. Box 1427*
*Alameda, CA 94501*
*503.779.7406; kpolvi@comcast.net*